[No. 18625.   Department Two.   October 2, 1924.]

UNION THEATRE COMPANY, *Respondent,* v. OSRAN AMUSEMENT COMPANY, *Appellant.*[1]

CONTRACTS (63) — CONSTRUCTION —"NET PROFITS"— DEPRECIATION. A contract to pay, monthly, thirty per cent of the "net earnings" or "net profits" of a theater does not authorize a monthly charge for depreciation as part of the expenses.

SAME (63) — CONSTRUCTION — PAYMENTS — FROM NET PROFITS. A contract consolidating the control of certain theaters, and agreeing to pay monthly installments falling due upon a Wurlitzer organ, "the same to be a proper charge against the thirty per cent" of the net profits due under the contract, is payable regardless of the amount of the profits actually received.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered December 3, 1923, upon findings in favor of the plaintiff, in an action for equitable relief, tried to the court. Affirmed.

*Allen & Griffith,* for appellant.
*Greenwood & Briggs,* for respondent.

[1]Reported in 228 Pac. 1010.

PEMBERTON, J.—Appellant and respondent were engaged in the conduct of moving picture theatres in the town of Bremerton, Washington, and entered into an agreement of consolidation of the theatres on October 31, 1921. According to this contract all the equipment, paraphernalia, furniture and fixtures, together with the possession of all the theatres owned by both appellant and respondent, were consolidated under the management of appellant, paragraphs 5 and 7 of the contract providing as follows:

"5.    The Osran Amusement Company agrees to pay and it shall pay to the party of the second part, or to its order, thirty per cent (30%) of the net earnings of all the theatres, including the Blue Bird, owned and controlled by it in the City of Bremerton, during the continuance of said contract. The Osran Amusement Company agrees to render unto the party of the second part a full and complete statement of its earnings, its gross receipts, expenses and net receipts, in the City of Bremerton, at the close of each and every month, and the party of the second part shall at any time have the right to call upon the party of the first part for a substantiation of any of the charges or facts appearing upon any of the said statements, and the party of the first part agrees to settle and pay unto the Union Theatre Company such sums as shall be due it under these presents every six months."

"7.    It is further agreed that the party of the first part will pay for the benefit of the party of the second part the monthly installments which fall due on the Wurlitzer Organ in the Blue Bird Theatre in the sum of $253.00 a month, which fall due on the 27th day of each and every month, the same to be a proper charge against the 30 per cent of the net profits hereinabove agreed to be paid to the party of the second part."

After the end of the second accounting period, respondent instituted this action, alleging that appellant had failed to render the proper accounts under the

terms of the contract and had refused to make the payments on the Wurlitzer organ as provided in the contract, and asked for an accounting and requested that appellant be required to specifically perform the contract, and prayed for judgment for the amount found due respondent.

The answer of the appellant set forth a statement of earnings and expenditures in the operation of the theatres during the period in question, and alleged that, up to and including the 31st day of December, 1922, there was a deficit in the amount of $9,583.77, and that there were no profits that could be applied in the payments to be made upon the Wurlitzer organ contract.

The trial court found a net profit of $6,900.51, instead of a loss, and allowed respondent a credit of $2,070.15, and gave judgment for costs in favor of the respondent.

It is claimed by appellant that it is entitled to an item of $61.90 for the months of November and December, 1921, for depreciation on furniture and fixtures, and for the twelve months of 1922 the amount of $636.32 per month as depreciation, making in all $8,272.47.

The only questions involved in this case are, whether or not appellant is entitled to set aside this monthly allowance from the net profits derived from the operation of the theatres as depreciation, and whether or not appellant is, by the terms of the contract, required, regardless of the profits, to pay the Wurlitzer organ company the monthly payments as described in paragraph seven of the contract.

This controversy was referred to a referee. The referee failed to include in his report a statement of the testimony of the witnesses.

The contract provides that appellant shall account to respondent and pay to it thirty per cent of the net earnings every six months throughout the term, and shall render to respondent monthly a statement of the earnings and expenses. The word "depreciation" is not mentioned in the contract. It is contended that the words "profit" or "net earnings" mean that every item of expense, including that of depreciation, should be paid before a dividend could be allowed.

In the case of *Boothe v. Summit Coal Min. Co.*, 55 Wash. 167, 104 Pac. 207, 19 Ann. Cas. 1255, we said:

". . . regardless of technical definitions, it is the duty of the court to ascertain the intention of the parties from their language and all the surrounding circumstances, and it is very apparent to my mind that no technical definition of the term profits was here intended."

We are satisfied that the court properly construed the wording of the contract in denying the right of appellant to arbitrarily charge this large monthly expense to depreciation. The court properly construed paragraph 7 as requiring the payment upon the Wurlitzer organ regardless of the profits and charged against the thirty per cent of the net profits due or to become due to respondent.

The judgment of the trial court will be affirmed.

MAIN, C. J., MITCHELL, BRIDGES, and FULLERTON, JJ., concur.